IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use of ROBERT J. CUMMINS, d/b/a BOB CUMMINS CONSTRUCTION COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ZURICH AMERICAN INSURANCE COMPANY and FIDELITY AND DEPOSITS COMPANY OF MARYLAND and KELLER WALLS, INC.<br><br>Defendant. | Case Number: 1:20-cv-197<br><br>Judge Cathy Bissoon |

**PLAINTIFF UNITED STATES OF AMERICA, FOR THE USE OF
ROBERT J. CUMMINS, D/B/A BOB CUMMINS CONSTRUCTION COMPANY'S
MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff, the United States of America, for the use of Robert J. Cummins, d/b/a Bob Cummins Construction Company ("Cummins"), files the within Motion for Leave to Amend Complaint pursuant to Fed. R. Civ. P. 15(a)(2) and in support thereof, avers as follows:

1. Cummins respectfully moves for leave to amend its Complaint with relatively modest changes regarding its requests for relief.[1]

2. Each of the requested amendments were expressly reserved in Cummins initial Complaint and/or arise from the same interferences, impacts and delays on the Project as initially pled by Cummins.

3. A true and correct copy of Cummins' proposed Amended Complaint is attached hereto as **Exhibit A**.

---

[1] Pursuant to Section II.C. of Judge Bissoon's Chamber Rules, counsel for Cummins believes a supporting brief to this motion is not required because Cummins' motion is non-dispositive and contains sufficient argument and legal citation to permit meaningful judicial review. If counsel's understanding is incorrect, Cummins respectfully requests the opportunity to submit a brief in support.

100397782.1

4. Cummins sought the consent of counsel for Keller Walls, Inc. ("KW") to file its Amended Complaint. However, counsel for KW responded that KW will not consent to the filing of Cummins' Amended Complaint.

5. Cummins' Amended Complaint includes four primary changes.

6. First, Cummins seeks to amend its original Complaint to include a claim for REA No. 2 in the amount of $2,670,466.20. More specifically, at the time of its original Complaint, Cummins understood that the Government had not yet resolved REA No. 2 with KW nor had it made payment to KW. (Dckt. No. 1, ¶ 14). Cummins thus alleged that it was seeking payment for REA No. 2 and reserved its right to amend its Complaint to include those additional damages to the extent the Government thereafter made payment on or denied REA No. 2. *Id*. at ¶¶ 11, 12, 14. Cummins has since learned through discovery that KW has in fact received payment from the Government for REA No. 2. However, as is the case with REA No. 1, KW once again refuses to remit payment for REA No. 2 in any amount to Cummins. Consequently, Cummins seeks leave to amend its Complaint to formally assert a claim in the amount of $2,670,466.20 for REA No. 2. Ex. 1, ¶¶ 11, 12, 16, 18, 35.

7. Second, Cummins seeks to add a request for relief regarding additional costs it incurred from August 18, 2019 through February 6, 2020 when Cummins ceased work on the Project. Ex. 1, ¶ 13. This amendment is merely an extension of the relief originally requested by Cummins pursuant to REA No. 1 and REA No. 2, which covered costs incurred from the start of the Project through August 18, 2019 arising from interferences, impacts and delays. Dckt. No. 1, ¶ 12.

8. Third, Cummins seeks to add a claim for the value of several buildings it was required to transfer ownership of in order to extend the property lease on which Cummins' batch

facility was located.  Ex. 1, ¶ 14.  Those costs too arise from the interferences, impacts and delays on the Project as originally pled by Cummins.

9. Fourth, Cummins has removed its claim for damages arising from its impaired bonding capacity based on KW's refusal to make payment on amounts owed to Cummins.  Dckt. No. 1., ¶ 34.

10. Pursuant to Fed. R. Civ. P. 15(a), "leave shall be freely given when justice so requires."

11. "Generally, Rule 15 motions should be granted."  *United States ex rel. Customs Fraud Investigations, LLC. v. Victaulic Co.*, 839 F.3d 242, 249 (3d Cir. 2016).

12. None of the grounds that have been held to justify denying leave to amend – undue delay, bad faith, dilatory motive or futility – are present in the matter at hand.  *Id*. ("There are three instances when a court typically may exercise its discretion to deny a Rule 15(a) motion for leave to amend: when (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party") (internal quotations and citations omitted).

13. Specifically, there is no undue delay or unfair prejudice to KW as a result of Cummins filing its Amended Complaint because the deadline for fact discovery does not expire until December 23, 2021, the parties only recently completed document productions and have not yet taken any depositions, and neither pretrial nor trial proceedings have begun.

14. Cummins' request to amend is not dilatory or in bad faith as it expressly pled in its original Complaint that it was pursuing payment for REA No. 2 and reserved its right to amend when the Government either denied or made payment to KW.  And, Cummins' additional amended

3

100397782.1

claims all arise from the same interferences, impacts and delays on the Project that Cummins initially pled.

15. Lastly, Cummins' proposed amendments are not futile and should be decided on the merits.

WHEREFORE, Cummins respectfully requests that the Court grant leave for it to file its Amended Complaint attached as **Exhibit A**.

> Respectfully submitted,
>
> */s/ David G. Meredith*
>
> Christopher R. Opalinski, Esq.
> David G. Meredith, Esq.
> Jacob C. Hanley, Esq.
>
> ECKERT SEAMANS CHERIN & MELLOTT, LLC
>
> PA Firm I.D. No. 075
> 44th Floor, 600 Grant Street
> Pittsburgh, PA  15219
> (412) 566-5963
>
> Counsel for Plaintiff:
> *Robert J. Cummins d/b/a*
> *Bob Cummins Construction Company.*
>
> Dated:  October 15, 2021

100397782.1

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2021, the foregoing Motion for Leave to Amend Complaint was served via email on the following:

**Benesch Friedlander Coplan & Aronoff LLP**
Richard D. Kalson, Esq. (rkalson@beneschlaw.com)
Susan White, Esq. (swhite@beneschlaw.com)

*/s/ David G. Meredith*
Christopher R. Opalinski, Esq.
David G. Meredith, Esq.
Jacob C. Hanley, Esq.