IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, for the use of ROBERT J. CUMMINS, d/b/a BOB CUMMINS CONSTRUCTION COMPANY, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 20-197 |
| v. | ) ) | Judge Cathy Bissoon |
| ZURICH AMERICAN INSURANCE COMPANY, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

Plaintiff's Motions *in Limine* ("MIL") are resolved as follows.

MIL 1 (**Doc. 58**) to preclude evidence or testimony relating to Plaintiff's gross profit margin on the project is **GRANTED**. Because the parties had a "lump sum contract," Defs.' Opp'n Br. (Doc. 77) at 4, the fact that "the profit margin for [Plaintiff's] claims exceed planned profit by four times," *id.* at 6, is not relevant, under Fed. R. Evid. 401 and 402, as to whether Plaintiff is entitled to additional compensation under the contract.

MIL 2 (**Doc. 60**) to exclude the testimony and opinions of Dr. Detwiler is **DENIED**. The Court perceives no issues as to Dr. Detwiler's qualifications, the reliability of her testimony or whether her testimony fits the dispute. *See* UGI Sunbury LLC v. A Permanent Easement for 1.7575 Acres, 949 F.3d 825, 832 (3d Cir. 2020) ("As gatekeeper, a trial judge has three duties: (1) confirm the witness is a qualified expert; (2) check the proposed testimony is reliable and relates to matters requiring scientific, technical, or specialized knowledge; and (3) ensure the expert's testimony is sufficiently tied to the facts of the case, so that it fits the dispute and will assist the trier of fact."). While Plaintiff may challenge Dr. Detwiler's opinions regarding the

potential causes of the tremie pipe clog, as well as her underlying assumptions, such challenges properly go to the weight of those opinions, not their admissibility.

MIL 3 (**Doc. 64**) to preclude Ms. Hadley's testimony, to the extent she challenges the evidentiary support and the methodology used by Plaintiff to calculate the REA claims, is **DENIED**. Although Ms. Hadley's testimony is likely to be subject to vigorous cross-examination, Defendants' acceptance, certification and submission of the REA claims—prior to the inception of this lawsuit—neither renders her testimony irrelevant under Fed. R. Evid. 401 and 402, nor is exclusion warranted under Fed. R. Evid. 403, or under an equitable estoppel theory.

**IT IS SO ORDERED**.

January 16, 2022

s/Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):
All Counsel of Record